[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: February 27, 1998 Date of Application: March 11, 1998 Date Application Filed: March 11, 1998 Date of Decision: November 27, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR95-142615
Thomas Farver Defense counsel, for Petitioner.
Victor Carlucci, Jr. Assistant State's Attorney, for the State. CT Page 17000
 BY THE DIVISION:
The then 41 year old petitioner was convicted following a trial by jury of attempted robbery, 1st degree (§ 53a-49 and § 53a-134
(a)(4). He was sentenced to a term of fourteen years execution suspended after seven years, with probation for four years.
The underlying facts are reported in State v. Dwyer, 59 Conn. App. 207
(2000), as follows:
 On March 21, 1995, the defendant entered a Glastonbury convenience store, wearing a disguise and displaying a firearm. He announced to the employee on duty that he was conducting a "stickup" and requested all the money from the cash register. The employee refused to cooperate and instead telephoned the Glastonbury police department. The defendant then drove away at a normal rate of speed in a vehicle that had a bag partially obscuring the rear license plate. The defendant was apprehended a short while later by Glastonbury police officers and charged with attempt to commit robbery.
 At the time of the incident, the defendant was a Hartford police officer who was not assigned to active duty because he was receiving his full salary as a result of a workers' compensation claim.
The petitioner, who has no prior record, was unsuccessful in his defense that he was unable to form the requisite intent to commit armed robbery due to the ingestion of alcohol and medications.
In asking for a sentence modification, Dwyer claims he "wasn't himself" at the time, has no recollection of the crime and had mental health issues (depression was diagnosed). He also points out that because he was a police officer he is unsafe in general prison population and is held in a special maximum security unit for his protection.
Section 43-28 of the Rules of Practice sets out the authority of this Division to modify a sentence. We can only do so if it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the CT Page 17001 deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
While he has no prior convictions, Dwyer's personal life was close to being in shambles. He had money problems, was increasingly drinking, had been arrested for breach of peace in 1994, and a DWI arrest while this case was pending.
He committed an egregious crime, putting a loaded gun to the ribs of the victim.
The conclusion this Division reaches is that the sentence imposed was thoughtfully considered by the sentencing court. It weighed all the circumstances and imposed a sentence well within the parameters of its reasonable discretion.
It is a reasonable, appropriate and proportionate sentence under the circumstances. It is affirmed.
Klaczak, Norko and O'Keefe, J.s. participated in this decision.